UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:09-CV-70

KENNETH MICHAEL ROBERTSON                                    PLAINTIFF

ALLIANCE TUBULAR PRODUCTS,
A Subsidiary of PTC Alliance CORP.
And TRAVELERS                                                INTERVENING PLAINTIFF

v.

TURNER MACHINE COMPANY, INC.
AND ECOF, INC.                                               DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendant Turner Machine Company, Inc.'s Motion for Summary Judgment (Docket #34). Plaintiff has responded (Docket #36). Defendant Turner Machine Company, Inc. has not replied. This matter is now ripe for adjudication. For the following reasons, Defendant Turner Machine Company, Inc.'s Motion for Summary Judgment is DENIED.

## BACKGROUND

On September 19, 2008, Plaintiff suffered an injury to his left arm while operating a pipe straightening machine while working for Alliance Tubular Products. Plaintiff's complaint asserts claims of negligence, strict liability, and breach of warranty. Plaintiff alleges that the machine in question was manufactured by ECOF, Inc. or Turner Machine Company, Inc. Plaintiff has filed this lawsuit seeking lost wages, past and future medical expenses, and past and future pain and suffering. Turner Machine Company, Inc. has moved for summary judgment on the basis that it is not the same Turner Machine Company that may have manufactured the pipe straightening machine. Plaintiff contends that recent discovery reveals that Turner Machine

Company, Inc. worked on and serviced the pipe straightening machine prior to Plaintiff's injury.

**STANDARD**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed. R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v.*

*Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (Ky. 1991)." *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 165 (6th Cir. 1993).

**DISCUSSION**

Turner Machine Company, Inc. asserts that the Turner Machine Company from which Alliance Tubular Products purchased the pipe straightening machine is not the same entity as the one presently before the Court. Defendant states that the pipe straightening machine in question was manufactured in 1999, which Plaintiff does not refute. The original Turner Machine Company had been in existence since 1972. On January 31, 2003, the original Turner Machine Company changed its name to XTM, Inc. by amendment to its Articles of Incorporation. On February 26, 2003, a separate entity known as Turmacco, Inc. was formed. In March of 2003, Turmacco, Inc. entered into an Asset Purchase Agreement with XTM, Inc. Through this agreement, Turmacco, Inc. acquired assets of XTM, Inc., including the rights to use the name "Turner Machine Company." The Asset Purchase Agreement provided that Turmacco, Inc. would not assume any liabilities of XTM, Inc. In May of 2003, XTM, Inc., officially transferred the name "Turner Machine Company" to Turmacco, Inc.

On June 27, 2003, Turmacco, Inc. filed an amendment to its Articles of Incorporation changing its official name Turner Machine Company. In 2005, XTM, Inc. merged with ECOF, Inc., the other defendant to this action. Finally, on May 24, 2006, Turner Machine Company (formerly Turmacco, Inc.) formally changed its name to Turner Machine Company, Inc., the party that is presently before the Court. These undisputed facts demonstrate that Turner Machine Company, Inc. could not have manufactured or sold the pipe straightening machine to Alliance Tubular Products in 1999, nor did Turner Machine Company, Inc. assume any liabilities

3

when it acquired assets and the name "Turner Machine Company" from XTM, Inc. in 2003.

Plaintiff argues that even though Turner Machine Company, Inc. asserts it was not involved with the pipe straightening machine, "it has in fact serviced, repaired, and maintained it since 2003." In support of its position, Plaintiff has presented to the Court copies of service invoices and checks which were produced by ECOF, Inc. in response to a discovery request. These documents show three separate invoices from Turner Machine Company, Inc. to PTC Alliance Hopkinsville Plant on February 6, 2008, July 21, 2008, and July 31, 2008. Although it is unclear to the Court whether these invoices were for service to the pipe straightening machine, the documents were submitted by ECOF, Inc., in response to the following request: "Please produce copies of all order forms, correspondence, invoices, receipts, and/or other Record relating to maintenance, service, and/or repair of the Machine." Because Plaintiff's injury occurred in September of 2008, these invoices present the possibility that Turner Machine Company, Inc. serviced the pipe straightening machine before that date.

It appears that Turner Machine Company, Inc. worked on the machine prior to the accident in dispute. Discovery is in the initial stages. Plaintiff requests additional time to conduct follow-up discovery to determine if any of the work by Turner Machine Company, Inc. altered the machine or affected any guarding mechanism. For that reason, the motion is premature and the Court will allow Plaintiff to conduct discovery into the repairs or maintenance performed by Turner Machine Company, Inc. The motion is therefore denied at this time.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant Turner Machine Company, Inc.'s Motion for Summary Judgment is DENIED.